MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
GERARDO ESCAMILLA, *individually and*
*on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| BOMBAY'S INDIAN CUISINE INC. (D/B/A BOMBAY'S INDIAN CUISINE), VIDHAN BHATT INC. (D/B/A AAHAR INDIAN CUISINE), PRASHANT BHATT and SONAL VYAS, | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Gerardo Escamilla ("Plaintiff Escamilla" or "Mr. Escamilla"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Bombay's Indian Cuisine Inc. (d/b/a Bombay's Indian Cuisine), Vidhan Bhatt Inc. (d/b/a Aahar Indian Cuisine), ("Defendant Corporations"), Prashant Bhatt and Sonal Vyas, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.      Plaintiff Escamilla is a former employee of Defendants Bombay's Indian Cuisine Inc. (d/b/a Bombay's Indian Cuisine), Vidhan Bhatt Inc. (d/b/a Aahar Indian Cuisine), Prashant Bhatt and Sonal Vyas.

2.    Defendants own, operate, or control two Indian Restaurants, located at 60 Pearl Street, New York, NY 10004 under the name "Bombay's Indian Cuisine" and at 10 Murray Street, New York, NY 10007 under the name "Aahar Indian Cuisine".

3.    Upon information and belief, individual Defendants Prashant Bhatt and Sonal Vyas, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.    Plaintiff Escamilla was employed as a delivery worker at the restaurants located at 60 Pearl Street, New York, NY 10004 and 10 Murray Street, New York, NY 10007.

5.    At all times relevant to this Complaint, Plaintiff Escamilla worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.    Rather, Defendants failed to pay Plaintiff Escamilla appropriately for any hours worked either at the straight rate of pay or for any additional overtime premium.

7.    Further, Defendants failed to pay Plaintiff Escamilla the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.    Furthermore, Defendants repeatedly failed to pay Plaintiff Escamilla wages on a timely basis.

9.    Defendants employed and accounted for Plaintiff Escamilla as a delivery worker in their payroll.

10.    Regardless, at all relevant times, Defendants paid Plaintiff Escamilla at a rate that was lower than the required tip-credit rate.

11.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Escdamilla's payroll records by designating him as a delivery worker instead of

as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Escamilla at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

12.    Defendants' conduct extended beyond Plaintiff Escamilla to all other similarly situated employees.

13.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Escamilla and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.    Plaintiff Escamilla now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.    Plaintiff Escamilla seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Escamilla's state law claims under 28 U.S.C. § 1367(a).

17.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two Indian Restaurants located in this district. Further, Plaintiff Escamilla was employed by Defendants in this district.

## **PARTIES**

### *Plaintiff*

18.    Plaintiff Gerardo Escamilla ("Plaintiff Escamilla" or "Mr. Escamilla") is an adult individual residing in Kings County, New York.

19.    Plaintiff Escamilla was employed by Defendants at Bombay's Indian Cuisine and Aahar Indian Cuisine from approximately March 2020 until on or about November 2020.

20.    Plaintiff Escamilla consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

21.    At all relevant times, Defendants owned, operated, or controlled two Indian Restaurants, located at 60 Pearl Street, New York, NY 10004 under the name "Bombay's Indian Cuisine" and at 10 Murray Street, New York, NY 10007 under the name "Aahar Indian Cuisine".

22.    Upon information and belief, Bombay's Indian Cuisine Inc. (d/b/a Bombay's Indian Cuisine) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 60 Pearl Street, New York, NY 10004.

23.    Upon information and belief, Vidhan Bhatt Inc. (d/b/a Aahar Indian Cuisine) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 10 Murray Street, New York, NY 10007.

24.    Defendant Prashant Bhatt is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Prashant Bhatt is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Prashant Bhatt possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Escamilla, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.    Defendant Sonal Vyas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sonal Vyas is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Sonal Vyas possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Escamilla, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.     Defendants operate two Indian Restaurants located in the Tribeca and South East section of lower Manhattan in New York City.

27.     Individual Defendants, Prashant Bhatt and Sonal Vyas, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff Escamilla's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Escamilla, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Escamilla (and all similarly situated employees) and are Plaintiff Escamilla's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Escamilla and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendants Prashant Bhatt and Sonal Vyas operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiff Escamilla's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Escamilla, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Escamilla's services.

34.    During 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.     Plaintiff Escamilla is a former employee of Defendants who was employed as a delivery worker.

37.     Plaintiff Escamilla seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Gerardo Escamilla*

38.     Plaintiff Escamilla was employed by Defendants from approximately March 2020 until on or about November 2020.

39.     Defendants employed Plaintiff Escamilla as a delivery worker.

40.     Plaintiff Escamilla regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.     Plaintiff Escamilla's work duties required neither discretion nor independent judgment.

42.     Throughout his employment with Defendants, Plaintiff Escamilla regularly worked in excess of 40 hours per week.

43.     From approximately March 2020 until on or about April 2020, Plaintiff Escamilla worked from approximately 11:30 a.m. until on or about 10:00 p.m., 7 days a week (typically 73.5 hours per week).

44.     From approximately May 2020 until on or about November 2020, Plaintiff Escamilla worked from approximately 11:30 a.m. until on or about 10:00 p.m., 6 days a week (typically 63 hours per week).

45.     Throughout his employment, Defendants paid Plaintiff Escamilla his wages by check.

46.     From approximately March 2020 until on or about November 2020, Defendants paid Plaintiff Escamilla a fixed salary of $390 per week.

47.     On repeated occasions Defendants failed to pay Plaintiff Escamilla any wages for his work because the paychecks he deposited bounced, and they never reimbursed him.

48.     Although defendants granted Plaintiff Escamilla 30 minutes for his meal breaks, Defendants often interrupted these breaks by requiring Plaintiff Escamilla to receive delivery orders and stock the items in the order in the basement.

49.     Plaintiff Escamilla was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

50.     Defendants took improper and illegal deductions from Plaintiff Escamilla's wages; specifically, on four or five occasions, Defendants deducted the cost of deliveries from Plaintiff Escamilla's weekly wages because customers complained that they had not received the delivery; In fact, Plaintiff Escamilla had made the delivery to the customer's building, but due to the new rules adopted as a result of the pandemic, he could not drop off the deliveries at the customer's apartments.

51.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Escamilla regarding overtime and wages under the FLSA and NYLL.

52.     Defendants did not provide Plaintiff Escamilla an accurate statement of wages, as required by NYLL 195(3).

53.     Defendants did not give any notice to Plaintiff Escamilla, in English and in Spanish (Plaintiff Escamilla's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54.      Defendants required Plaintiff Escamilla to purchase "tools of the trade" with his own funds—including one electric bicycle, one vest, one helmet, one lock and a delivery bag.

*Defendants' General Employment Practices*

55.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Escamilla (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

56.      Plaintiff Escamilla was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

57.      Defendants' pay practices resulted in Plaintiff Escamilla not receiving payment for all his hours worked, and resulted in Plaintiff Escamilla's effective rate of pay falling below the required minimum wage rate.

58.      Plaintiff Escamilla was paid at a rate that was lower than the required lower tip-credit rate by Defendants.

59.      In violation of federal and state law as codified above, Defendants classified Plaintiff Escamilla as a tipped employee, but paid him at a rate that was lower than the required lower tip-credit rate.

60.      Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

61.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Escamilla (and similarly situated individuals) worked, and to avoid paying Plaintiff Escamilla properly for his full hours worked.

63.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Escamilla and other similarly situated former workers.

65.     Defendants failed to provide Plaintiff  Escamilla and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66.     Defendants failed to provide Plaintiff Escamilla and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

67.    Plaintiff Escamilla brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

68.    At all relevant times, Plaintiff Escamilla and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

69.    The claims of Plaintiff Escamilla stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

70.    Plaintiff Escamilla repeats and realleges all paragraphs above as though fully set forth herein.

71.    At all times relevant to this action, Defendants were Plaintiff Escamilla's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power

to hire and fire Plaintiff Escamilla (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

72.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

74.    Defendants failed to pay Plaintiff Escamilla (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

75.    Defendants' failure to pay Plaintiff Escamilla (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

76.    Plaintiff Escamilla (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

77.    Plaintiff Escamilla repeats and realleges all paragraphs above as though fully set forth herein.

78.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Escamilla (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

79.    Defendants' failure to pay Plaintiff Escamilla (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80.     Plaintiff Escamilla (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

81.     Plaintiff Escamilla repeats and realleges all paragraphs above as though fully set forth herein.

82.     At all times relevant to this action, Defendants were Plaintiff Escamilla's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Escamilla, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

83.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Escamilla less than the minimum wage.

84.     Defendants' failure to pay Plaintiff Escamilla the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85.     Plaintiff Escamilla was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

86.     Plaintiff Escamilla repeats and realleges all paragraphs above as though fully set forth herein.

87.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Escamilla overtime compensation

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

88.    Defendants' failure to pay Plaintiff Escamilla overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

89.    Plaintiff Escamilla was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

90.    Plaintiff Escamilla repeats and realleges all paragraphs above as though fully set forth herein.

91.    Defendants failed to pay Plaintiff Escamilla one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Escamilla's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

92.    Defendants' failure to pay Plaintiff Escamilla an additional hour's pay for each day Plaintiff Escamilla's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

93.    Plaintiff Escamilla was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

94.    Plaintiff Escamilla repeats and realleges all paragraphs above as though fully set forth herein.

95.    Defendants failed to provide Plaintiff Escamilla with a written notice, in English and in Spanish (Plaintiff Escamilla's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

96.    Defendants are liable to Plaintiff Escamilla in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

97.    Plaintiff Escamilla repeats and realleges all paragraphs above as though fully set forth herein.

98.    With each payment of wages, Defendants failed to provide Plaintiff Escamilla with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

99.     Defendants are liable to Plaintiff Escamilla in the amount of $5,000, together with costs and attorneys' fees.

### EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

100.     Plaintiff Escamilla repeats and realleges all paragraphs above as though fully set forth herein.

101.     Defendants required Plaintiff Escamilla to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform  his job, further reducing  his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

102.     Plaintiff Escamilla was damaged in an amount to be determined at trial.

### NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

103.     Plaintiff Escamilla repeats and realleges all paragraphs above as though set forth fully herein.

104.     At all relevant times, Defendants were Plaintiff Escamilla's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

105.     Defendants made unlawful deductions from Plaintiff Escamilla's wages; specifically, Defendants deducted the cost of deliveries from Plaintiff Escamilla's weekly wages because customers complained that he had not delivered the orders to their apartments, when the new rules only allowed him to drop off the orders at the entrance of the buildings.

106.     The deductions made from Plaintiff Escamilla's wages were not authorized or

required by law.

107.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Escamilla's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

108.    Plaintiff Escamilla was damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

109.     Plaintiff Escamilla repeats and realleges all paragraphs above as though set forth fully herein.

110.    Defendants did not pay Plaintiff Escamilla on a regular weekly basis, in violation of NYLL §191.

111.    Defendants are liable to Plaintiff Escamilla in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Escamilla respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Escamilla and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Escamilla and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Escamilla's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Escamilla and the FLSA Class members;

(f)    Awarding Plaintiff Escamilla and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Escamilla and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Escamilla;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Escamilla;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Escamilla;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Escamilla;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Escamilla's compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Escamilla;

(n)     Awarding Plaintiff Escamilla damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiff Escamilla damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Escamilla liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Escamilla and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Escamilla and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Escamilla demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 8, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

February 25, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Gerardo Escamilla

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     25 de Febrero 2021

*Certified as a minority-owned business in the State of New York*